IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KRISTEN RENSING | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-20-3547 |
| WALMART, INC. | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Defendant, Walmart, Inc. ("Defendant" or "Walmart"), moves this Court for summary judgment (the "Motion") (ECF No. 28) on Plaintiff Kristen Rensing's ("Plaintiff") Complaint (ECF No. 1). After considering the Motion and responses thereto (ECF Nos. 31, 32), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). In addition, having reviewed the pleadings of record and all competent and admissible evidence submitted by the parties, the Court finds that there are no genuine issues of material fact as to the claim asserted. Accordingly, the Court will GRANT Defendant's Motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 4, 2020, Plaintiff entered the Walmart Supercenter at 3200 North Ridge Road in Ellicott City, Maryland. ECF No. 1 ¶ 3. Plaintiff's husband, Christopher Rensing ("Mr. Rensing"), dropped Plaintiff off at the front of the store and waited in the car while she entered the store. ECF No. 28-1 at 2; ECF No. 31-1 at 3. Plaintiff was wearing sling-back heels, approximately ½" to 1" high. ECF No. 28-1 at 2. Both Plaintiff and Mr. Rensing contend it was raining that day, with Plaintiff describing the rain as "drizzling" or "misting." ECF No. 28-1 at 2; ECF No. 31-1 at 2–3. However, Walmart associate Jeanette Sanchez stated that it was not raining at the time of

Plaintiff's fall. ECF No. 28-3 ¶ 11. Plaintiff did not have an umbrella or raincoat and did not recall seeing water on the floor while entering the store. ECF No. 28-1 at 2. Plaintiff walked through the vestibule at the store entrance and entered the store interior without issue. *Id.* After taking a couple of steps into the store interior, Plaintiff rolled her ankle and fell. *Id.* at 3; ECF No. 28-5 at 10:05:24. Plaintiff noticed her legs were wet after falling and that the floor looked "wet" or "glistening." ECF No. 28-1 at 2.

Sanchez assisted Plaintiff and did not see any water on the floor. *Id.* at 3. Mr. Rensing similarly did not observe any water on the floor after entering the store to assist Plaintiff. *Id.* After Plaintiff's fall, no Walmart associates marked off or cleaned the area where Plaintiff fell. *Id.* at 3–4. Video surveillance footage captured the incident. *Id.* at 3. *See generally* ECF No. 28-5. The footage shows that both prior to and after Plaintiff's fall, patrons and carts came and went through the area where Plaintiff fell without incident. ECF No. 28-1 at 3. The footage does not clearly show whether there was water on the floor or whether it was raining, beyond that patrons did not appear to be carrying umbrellas. *Id.* at 6. During wet weather, Walmart employees deploy mats in the vestibule to keep water from being tracked in and fans to dry the floor. *Id.* at 4. These mats and fans were not present at the time of Plaintiff's fall. *Id.* Walmart employees are also trained to look for and correct hazards on the floor of the store. *Id.* at 3–4. However, no Walmart employees cleaned water off the floor following Plaintiff's fall; the footage shows only an employee use a broom and dustpan in the area approximately twenty minutes later. *Id.*

As a result of Plaintiff's fall, she experienced bilateral knee bone contusions and a fractured right patella. ECF No. 30-1 at 6. On December 7, 2020, Plaintiff filed suit in this Court, alleging that Walmart is liable to Plaintiff for her injuries sustained from slipping and falling on water on

the floor of one of its stores. ECF No. 1 ¶¶ 3–4.[1] On August 25, 2021, Walmart filed a Motion for Summary Judgment of Plaintiff's Complaint. ECF No. 28. After the Court granted Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment (ECF No. 29), Plaintiff responded in opposition on October 1, 2021. ECF Nos. 30, 31. Walmart then replied. ECF No. 32.

## DISCUSSION

### A. Standard of Review

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphasis in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Anderson*, 477 U.S. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id. See Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the Court has drawn all reasonable inferences in favor of the nonmoving party and "the evidence is merely colorable,

---

[1] On January 22, 2021, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of all parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 11.

3

or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

### B. Defendant's Motion for Summary Judgment

In its Motion, Walmart argues first that there is no genuine dispute of material fact that the floor was not wet. ECF No. 28-1 at 6. In the alternative, Walmart contends, even assuming that there was water on the floor, that Plaintiff has not shown that Walmart had actual or constructive notice of the alleged liquid on the floor, that Walmart is not liable because the wet floor was an open and obvious hazard and Plaintiff was contributorily negligent, and that Walmart failed to take necessary precautions or conduct reasonable inspections of its store. ECF No. 28-1 at 8–17.

A claim for negligence requires plaintiff prove "1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of that duty."[2] *Steamfitters Local Union No. 602 v. Erie Ins. Exch.*, 469 Md.

---

[2] A federal court exercising diversity jurisdiction must apply the substantive law of the state in which the court is located. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Therefore, the Court will apply Maryland law to analyze this Motion with respect to Plaintiff's negligence claim.

4

704, 727 (2020). It is further well-established in Maryland that the duty of care owed by an owner or occupier of the premises in "slip and fall" cases is determined by the owner's legal relationship to the person entering the premises. *Garner v. Supervalu, Inc.*, 396 F.App'x 27, 29 (4th Cir. 2010) (per curiam). A business invitee is one who enters the property for a business purpose. *Rehn v. Westfield America*, 153 Md.App. 586, 592–93 (2003) (citation omitted). One in possession of land and operating a store owes a business invitee "the duty of reasonable care for the protection of the business invitee." *Tucker v. KFC Nat. Mgmt. Co.*, 689 F.Supp. 560, 562 (D.Md. 1988), *aff'd*, 872 F.2d 419 (4th Cir. 1989).

A storekeeper has a duty to protect a business invitee "against dangers which may arise from some . . . unsafe condition . . . [and] dangers which may be caused by negligent acts of his employees." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636–37 (1994) (quoting *Eyerly v. Baker*, 168 Md. 599, 607, 178 A. 691, 694 (1935)). There are, however, limits to the duty. Liability for negligence is not presumed simply because a business invitee is injured on storekeeper's premises. *Rehn* 153 Md.App. at 593. "The evidence must show not only that a dangerous condition existed, but also that proprietor had actual or constructive knowledge of it, and that that knowledge was gained in sufficient time to give the owner the opportunity to remove [the hazard] or to warn the invitee." *Id.* (citations omitted). Furthermore, evidence to support a negligence claim must be more than "mere speculation or conjecture": it must provide "a logical relation and connection between the circumstances proved and the conclusion sought to be adduced from them." *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 119 (1955) (quoting *Benedick v. Potts*, 88 Md. 52, 55 (1898)).

Plaintiff must first prove the existence of the dangerous condition. *See Rehn*, 153 Md.App. at 593. While the Court normally does not resolve factual disputes, "a party's self-serving

5

opinion . . . cannot, absent objective corroboration, defeat summary judgment." *McCoy v. Biomet Orthopedics, LLC*, No. CV ELH-12-1436, 2021 WL 252556, at *21 (D.Md. Jan. 25, 2021) (quoting *CTB, Inc. v. Hog Slat, Inc.*, 954 F.3d 647, 658–59 (4th Cir. 2020)) (applying the stated principle to a motion for summary judgment on a negligence claim). Here, Plaintiff has provided little evidence to show that the dangerous condition—the water on the floor—existed, relying exclusively on her testimony that she had water on her legs after falling, her testimony that the floor "look[ed] wet" or "glistening," and her testimony and Mr. Rensing's testimony that it was raining. ECF No. 31-1 at 16–17. However, Sanchez did not observe water on the floor. ECF No. 28-1 at 3. Plaintiff could not say if the floor of the vestibule was wet or whether there was water being tracked in from outside. ECF No. 28-2 at 39:11–13. No other patrons before or after Plaintiff's fall had any issue walking over the area where Plaintiff fell. *See generally* ECF No. 28-5. No Walmart employees ever appeared to clean up the alleged water, inconsistent with its internal policy. ECF No. 28-1 at 3–4. And the surveillance footage shows that Plaintiff rolled her ankle to the side while walking into the store. ECF No. 28-5 at 10:05:24.

Plaintiff's argument that there was water on the floor then relies almost exclusively on her own testimony. It certainly seems that such testimony is the type of "self-serving opinion" that cannot defeat a motion for summary judgment. *See McCoy*, 2021 WL 252556, at *21. However, in viewing the facts in a light most favorable to Plaintiff, I will follow the decisions of this Court and Maryland courts in assuming that the dangerous condition existed despite minimal objective evidence. *See Myers v. TGI Friday's, Inc.*, No. CIV. JFM 07-333, 2007 WL 4097498, at *6 (D.Md. Nov. 9, 2007) (viewing the facts in the light most favorable to the plaintiff and assuming the dangerous condition existed despite only her testimony that the floor was slippery); *Rawls*, 207 Md. at 123 (assuming that there was water on the stairs where the plaintiff fell despite it being

6

plausible the water came from her clothes); *Montgomery Ward & Co. v. Hairston,* 196 Md. 595, 597–98 (1951) (assuming "the truth of the plaintiff's testimony that she slipped on an oily spot" despite the fact that "the evidence does not support an inference").

Still, Plaintiff must prove that Walmart had constructive notice of the dangerous condition.[3] *See Rehn,* 153 Md.App. at 593. "A business invitor is deemed to have constructive notice of a hazardous condition on its premises when 'it appears that the storekeeper could have discovered the condition by the exercise of ordinary care.'" *Konka v. Wal-Mart Stores, Inc.,* 133 F.3d 915, 1998 WL 24378, at *3 (4th Cir. 1998) (quoting *Rawls,* 207 Md. 113, 120 (1955)). To prove constructive knowledge, it "is necessary for the plaintiff to show how long the dangerous condition has existed." *Joseph v. Bozzuto Management Co.,* 173 Md.App. 305, 316 (2007). "[T]he absence of any evidence—or even a proposed theory—as to how long the water was on the floor means Plaintiff has no basis on which to argue Defendant was negligent. This is fatal to Plaintiff's claim." *Barnes v. Costco Wholesale Corp.,* No. CV JKB-18-3377, 2019 WL 4933070, at *4 (D.Md. Oct. 7, 2019) (citing *Rehn,* 153 Md.App. at 598).

Plaintiff cannot recover "unless it appears that the storekeeper could have discovered the condition by the exercise of ordinary care so that, if it is shown that the condition existed for a length of time sufficient to permit a person under a duty to discover it if he had exercised ordinary care, his failure to discover it may in itself be evidence of negligence sufficient to charge him with knowledge of it." *Rybas v. Riverview Hotel Corp.,* 21 F.Supp.3d 548, 567 (D.Md. 2014) (citing *Rawls,* 207 Md. at 120). Time on the floor evidence "is relevant, not only as to notice but also as to the issue of what care was exercised." *Rybas,* 21 F.Supp.3d at 568 (quoting *Maans v. Giant of*

---

[3] Plaintiff acknowledges that the evidence failed to show that Walmart had actual notice of the dangerous condition. ECF No. 31-1 at 20.

7

*Maryland, LLC*, 161 Md.App. 620, 639–40 (2005). However, "courts have downplayed the significance of time-on-the-floor evidence under certain circumstances, in which defendants were aware of specific conditions, influenced by weather, that led to the emergence of a particular hazard." *Id.* at 570. (describing slip and fact incidents on ice). The length of time that the condition must exist "depends upon the circumstances of the particular case" but it involves considering: the nature of the danger, the number of people likely affected, the diligence required to discover or prevent the condition, the opportunity and means of knowledge, the foresight expected of a person of ordinary care and prudence under the circumstances, and the foreseeable consequences. *Rehn*, 153 Md.App. at 593. *See Deering Woods Condo. Ass'n v. Spoon*, 377 Md. 250, 264 (2003) (listing the same considerations). Plaintiff must provide evidence as to how long a condition existed prior to the injury. *Sullivan v. Washington Metro. Area Transit Auth.*, No. 8:19-CV-00300-GLS, 2020 WL 917091, at *4 (D.Md. Feb. 26, 2020), *reconsideration denied*, No. 8:19-CV-00300-GLS, 2020 WL 5500185 (D.Md. Sept. 11, 2020) (citing *Rawls*, 217 Md. at 123).

Here, Plaintiff has offered no evidence to show how long the alleged water was on the floor; indeed, she has barely provided any evidence of the water on the floor. Plaintiff said the floor "looked wet, glistening," like water or a clear liquid. ECF No. 28-2 at 42:2–7. She could not discern the amount or origin. *Id.* at 42:11–43:19. She could not identify where it came from, what caused it to be there, how long it had been there, or whether she herself tracked it in the store. *Id.* at 43:17–44:14. Plaintiff stated that she "assum[ed]" the water on the floor came from the rain. *Id.* at 44:7. As this Court previously explained in *Barnes*, the lack of evidence about how long water was on the floor "means Plaintiff has no basis on which to argue Defendant was negligent." *See* 2019 WL 4933070, at *4 (citing *Rehn*, 153 Md.App. at 598). Plaintiff has failed to show any length of time for which the alleged water was on the ground, and thus summary judgment is warranted.

8

A dispute about whether it was drizzling is not a genuine dispute of material fact that compels a different result. Plaintiff relies heavily on *Fortini v. Advance Stores, Co.* and *Konka v. Wal-Mart Stores, Inc.* to assert that Walmart had constructive notice of the water on the floor due to the rain. ECF No. 31-1 at 20–23. In *Fortini*, this Court found summary judgment inappropriate where a woman slipped on water by a mat put down when it had been raining because a reasonable jury could infer that the defendant was then on notice that water was accumulating *near the front door*. No. CIV. PWG-12-0309, 2012 WL 6563235, at *2 (D.Md. Dec. 13, 2012). *Fortini* differs from the facts in the present case as it concerned water at the entry of the store when it was undisputedly raining. Here, Plaintiff provides no evidence to support that Walmart was aware it was raining or that there was water in the entryway of the store; she noticed no water in the vestibule, where mats would have been placed in the event of wet weather. ECF No. 28-2 at 39:5–16; ECF No. 28-1 at 3–4. *Fortini* thus does not compel this Court to deny summary judgment.

Plaintiff's reliance on *Konka* is similarly not persuasive. In *Konka*, the U.S. Court of Appeals for the Fourth Circuit concluded that summary judgment was not appropriate where "sufficient evidence was presented for a jury to have reasonably concluded either that the wet spot was 'placed' there by [Defendant] because rain water blew in through the open door, or that some employee did have a special duty to observe the area and watch for hazards." *Konka*, 133 F.3d 915, 1998 WL 24378, at *4. Plaintiff fell by the open door to the lawn and garden department when it had been raining heavily. *Id.* at *1. However, here, Plaintiff did not produce sufficient evidence that showed Walmart created the dangerous condition, like in *Konka* where the door was left open and mats were placed on the floor during undisputedly heavy rain. *Id.* The evidence that existed in *Konka* to permit a reasonable jury to conclude the defendant caused or had knowledge of the dangerous condition does not exist in the present case.

9

To succeed in her claim, Plaintiff needed to prove the existence of a dangerous condition and Walmart's constructive knowledge of said condition. Even construing the facts in a manner most favorable to Plaintiff by assuming the existence of a dangerous condition, she has still failed to offer any evidence of Walmart's constructive knowledge of the condition.[4] Plaintiff's sole argument for constructive notice is that she and her husband say it was raining and that that should have put Walmart on notice. The argument thus relies on the inference that because it was "misting" or "drizzling," Walmart had constructive notice of an alleged puddle of water inside its store—past the entryway, past the vestibule, and a couple of feet into the store. This is "mere speculation or conjunction" and cannot sustain a claim of negligence. *See Rawls,* 207 Md.App. at 119 (citation omitted). As such, there is no genuine dispute of material fact of Walmart's liability, and Walmart is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court finds that there are no genuine issues of material fact as to whether Defendant breached its duty of care to Plaintiff as a business invitee to its store. Therefore, Defendant's Motion (ECF No. 28) is GRANTED. A separate order will follow.

Date: 28 October 2021

A. David Copperthite
United States Magistrate Judge

---

[4] Because the Court finds that there is no genuine dispute of material fact that Walmart did not have constructive notice of an alleged dangerous obstruction, it need not consider whether the alleged water was an open and notorious condition or if Plaintiff was contributorily negligent. However, the Court does note that these are typically questions left to a jury. *See Duncan-Bogley v. U.S.*, 356 F.Supp.3d 529, 540 (D.Md.2018); *Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 115 (2011).